IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00410-RPM-BNB

TRUSTEES OF THE COLORADO LABORERS' HEALTH AND WELFARE TRUST FUND,
TRUSTEES OF THE COLORADO CEMENT MASONS' PENSION TRUST FUND,
TRUSTEES OF THE COLORADO CEMENT MASONS' JOINT APPRENTICESHIP TRUST FUND, and
OPERATIVE PLASTERS & CEMENT MASONS INTERNATIONAL ASSOCIATION, LOCAL UNION #577,

Plaintiffs,

v.

METRO CONCRETE WORKS, INC., a dissolved Colorado corporation, and
SUSAN SUKUT, an individual

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiffs' **Motion for Default Judgment** (the "Motion"), filed June 1, 2005.  I held an evidentiary hearing on the Motion on July 19, 2005.  I have allowed the plaintiffs to submit supplemental affidavits on the issue of interest on or before July 22, 2005.

At the hearing, I asked counsel for the plaintiffs the bases for their claim of personal liability against Susan Sukut.  Among other things, the plaintiffs argue that Sukut is liable as a plan fiduciary under ERISA as a result of her actions enumerated in paragraphs 33 and 39 of the Complaint.  The plaintiffs, however, have failed to provide any case authority which would indicate that a person in Ms. Sukut's position has been held liable on facts substantially similar to these.

IT IS ORDERED that the plaintiffs shall provide additional briefing, on or before **July 29, 2005**, specifying all bases upon which they claim Ms. Sukut may be held personally liable for the claims asserted here, including citations to statutes and cases as appropriate. Ms. Sukut may respond on or before **August 8, 2005**.

Dated July 20, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge